1 | THOMAS P. O'BRIEN
United States Attorney
2 | CHRISTINE C. EWELL
Assistant United States Attorney
3 | Chief, Criminal Division
CHRISTOPHER BRUNWIN
4 | Assistant United States Attorney
Deputy Chief, Violent & Organized Crime Section
5 | STEVEN R. WELK
California State Bar No. 149883
6 | Assistant United States Attorney
Chief, Asset Forfeiture Section
7 | FRANK D. KORTUM
California State Bar No. 110984
8 | Assistant United States Attorney
Asset Forfeiture Section
9 |     1400 United States Courthouse
    312 North Spring Street
10 |     Los Angeles, California 90012
    Telephone: (213) 894-6166/5710
11 |     Facsimile: (213) 894-7177
    E-mail: Steven.Welk@usdoj.gov
12 |     E-mail: Frank.Kortum@usdoj.gov

13 | Attorneys for Plaintiff
United States of America

14 |

15 |             UNITED STATES DISTRICT COURT

16 |         FOR THE CENTRAL DISTRICT OF CALIFORNIA

17 |               WESTERN DIVISION

18 | UNITED STATES OF AMERICA,   )    CR 08-1201 FMC
                        )
19 |            Plaintiff,   )    **GOVERNMENT'S APPLICATION FOR**
                        )    **ENTRY OF PRELIMINARY ORDER OF**
20 |              v.       )    **FORFEITURE AS TO REGISTERED**
                        )    **TRADEMARKS, PURSUANT TO GUILTY**
21 | RUBEN CAVAZOS,          )    **PLEA OF RUBEN CAVAZOS;**
    aka "Doc", et al.,      )    **MEMORANDUM OF POINTS AND**
22 |                         )    **AUTHORITIES; DECLARATION OF**
           Defendants.   )    **STEVEN R. WELK AND EXHIBITS**
23 | _____)
                            No Hearing Required
24 |

25 |   / / /

26 |   / / /

27 |   / / /

28 |

1      Plaintiff United States of America hereby applies for the

2   entry of the proposed Preliminary Order of Forfeiture of

3   Registered Trademarks lodged contemporaneously herewith pursuant

4   to Fed. R. Crim. P. 32.2(b) and defendant Ruben Cavazos's entry

5   of a plea of guilty to Count One of the Indictment.  This

6   application, which deals solely with the registered trademarks as

7   to which forfeiture is sought (described in detail below) is

8   supported by defendant's guilty plea, the factual basis stated

9   during defendant's plea proceeding, and the matters set forth in

10  the accompanying Memorandum of Points and  Authorities and

11  Declaration of Steven R. Welk and Exhibits.[1]

12      Government counsel contacted Angel Navarro, counsel for

13  defendant RUBEN CABAZOS, to inform him of this filing, on June

14  26, 2009.  Undersigned counsel emailed a final draft of the

15  accompanying Memorandum of Points and Authorities and the

16  proposed Preliminary Order of Forfeiture of Registered Trademarks

17  to Mr. Navarro on June 26, 2009, requesting that he respond

18  promptly with comments or objections to the draft. Mr. Navarro

19  / / /

20  / / /

21  / / /

22

23

24

25

26

27      [1]  The government anticipates that it will seek a separate
    Preliminary Order of Forfeiture prior to defendant's sentencing
28  for other assets seized from defendant.

1  responded on June 26, 2009 and informed government counsel that

2  neither he nor his client has no objection to the entry of the

3  proposed Preliminary Order of Forfeiture of Registered

4  Trademarks.   See Welk Declaration at ¶12.

5  DATED: June 29, 2009

Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division


STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1               <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2 **I.    INTRODUCTION**

3       On January 23, 2009, defendant Ruben Cavazos ("defendant")

4 entered a plea of guilty to Count One of the Indictment, alleging

5 violations of 18 U.S.C. § 1962(d).  Defendant is scheduled to be

6 sentenced on February 22, 2010.  In Count Eighty-Five of the

7 Indictment, the government notified defendant that the government

8 would seek the forfeiture of certain property upon his conviction

9 of one or both of Counts One and/or Two.  As part of his guilty

10 plea, defendant agreed to the forfeiture of all right, title and

11 interest in certain assets acquired or maintained by him as a

12 result of his violation of 18 U.S.C. § 1962, including those

13 listed immediately below (the "Mongols Registered Trademarks" or

14 "marks"), and admitted that the marks were subject to forfeiture

15 to the United States:

16       1.    The trademark assigned Registration No. 3076731 (serial
no. 78610213), issued to Mongol Nation on or about

17             April 4, 2006, purportedly for use in commerce in
connection with promoting the interests of persons

18             interested in the recreation of riding motorcycles.

19       2.    The trademark assigned Registration No. 2916965 (serial
no. 76532713), issued to Mongol Nation on or about

20             January 11, 2005, purportedly for use in commerce in
connection with promoting the interests of persons

21             interested in the recreation of riding motorcycles.

22

23       Pursuant to Rule 32.2(b), the government now applies for the

24 entry of the proposed Preliminary Order of Forfeiture of

25 Registered Trademarks (lodged contemporaneously herewith).  The

26 government also requests that the forfeiture of the specific

27 property be stated orally at defendant's sentencing and set forth

28 in defendant's Judgment and Commitment Order.

**II.   ARGUMENT**

    **A.   The Nexus Between Defendant's Crimes and the Specific Property to be Forfeited Has Been Established by Defendant's Guilty Plea**

Rule 32.2 of the Federal Rules of Criminal Procedure provides, in pertinent part:

> As soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court must determine whether the government has established the requisite nexus between the property and the offense.

Fed. R. Crim. P. 32.2(b)(1).  The Advisory Committee Notes for this provision explain that for the preliminary order of forfeiture, the court must determine "if the property was subject to forfeiture under the applicable statute, <u>e.g.</u>, whether the property represented the proceeds of the offense . . . ." Advisory Committee Notes to Rule 32.2, subdivision (a) (2000 Adoption).  The standard of proof regarding the forfeitability of property in a criminal case, including RICO cases, is preponderance of the evidence.  <u>See</u> <u>United States v. Najjar</u>, 300 F.3d 466, 485-86 (4th Cir. 2002) (RICO); <u>United States v. Shryock</u>, 342 F.3d 948, 991 (9th Cir. 2003) (following <u>Najjar</u>); <u>United States v. DeFries</u>, 129 F.3d 1293, 1312 (D.C. Cir. 1997) (RICO); <u>United States v. Hernandez-Escarsega</u>, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (interpreting identical language in 21 U.S.C. § 853); <u>United States v. Bieri</u>, 21 F.3d 819 (8th Cir. 1994) (§ 853).

Thus, the only question before the Court in connection with the requested entry of the proposed Preliminary Order is whether the evidence before the Court is enough to establish by a

preponderance of the evidence that there is a nexus between the
Mongols Registered Trademarks and the offense(s) that are alleged
to render them forfeitable.  See Rule 32.2(b)(1), quoted above.

    The existence or extent of third-party interests in the
marks are determined after the entry of the preliminary order.
See United States v. Lazarenko, 476 F.3d 642, 648 (9th Cir. 2007)
("Upon a finding that the property involved is subject to
forfeiture, a court must promptly enter a preliminary order of
forfeiture without regard to a third party's interests in the
property.").  The preliminary order should be entered promptly in
order to avoid unnecessary delay in the forfeiture process and
resolve potential third party rights.  United States v. Yeje-
Cabrera, 430 F.3d 1, 15 (1st Cir. 2005).  The defendant need not
be present when the preliminary order is entered.  United States
v. Segal, 495 F.3d 826, 837-38 (7th Cir. 2007).

    Forfeiture in a RICO case is mandatory where property is
determined to be within the scope of § 1963(a).  Alexander v.
United States, 509 U.S. 544, 562 (1993) ("a RICO conviction
subjects the violator not only to traditional, thought stringent,
criminal fines and prison terms, but also mandatory forfeiture
under § 1963"); United States v. Nava, 404 F.3d 1119, 1124 (9th
Cir. 2005).  The scope of that forfeiture authority is
extraordinarily broad.  See 18 U.S.C. § 1963(b) ("Property
subject to criminal forfeiture under this section includes - . .
. tangible and intangible personal property, incuding rights,
privileges, interests, claims, and securities"); Russello v.
United States, 464 U.S. 16, 26 (1983) (Congress enacted RICO "to
provide new weapons of unprecedented scope for an assault upon

organized crime and its economic roots"); <u>United States v.
Busher</u>, 817 F.2d 1409, 1413 (9th Cir. 1987) (the forfeiture
provisions of §1963 are "purposely broad . . .[,] "designed to
totally separate a racketeer from the enterprise he operates");
<u>United States v. Angiulo</u>, 897 F.2d 1169, 1211 (1st Cir. 1990)
("any interests in an enterprise, including the enterprise
itself, are subject to forfeiture in their entirety, regardless
of whether some portion of the enterprise is not tainted by the
racketeering activity"); <u>United States v. Segal</u>, 432 F.3d 767,
779 (7th Cir. 2005) (if a business is forfeited, so are all of
its assets, including any subsidiary business that is wholly
owned by the forfeited business; there need not be an independent
basis for the forfeiture of the wholly-owned subsidiary).

The government is not required to establish the defendant's
ownership of the property either to seize it or to obtain a
preliminary order of forfeiture, and third parties are prohibited
from intervening in the criminal case, and cannot complain that
they have to wait for the ancillary proceeding to assert their
rights.  <u>Almeida v. United States</u>, 459 F.3d 377, 381 (2d Cir.
2006); 18 U.S.C. § 1963(i).  As explained in the Advisory
Committee Notes to Rule 32.2 (2000), the Rule was revised with
the intent to eliminate confusion over whether the extent of the
defendant's ownership interest should be determined by the finder
of fact.  The new rule clarified that the only question upon
conviction or a guilty plea is whether there is a nexus between
the violation of which the defendant has been convicted (or to
which he has pled) and the property sought - if there is, the
court should enter an order forfeiting "whatever interest a

defendant may have in the property without having to determine exactly what that interest is."[2]  A defendant cannot object to the entry of a preliminary order on the ground that the property at issue does not belong to him.  <u>United States v. Schlesinger</u>, 396 F.Supp.2d 267, 273 (E.D.N.Y. 2005).

Here, defendant (and numerous others) have pled guilty to Count One of the Indictment.  Defendant has admitted as part of his plea (and the undisputed evidence conclusively confirms) that the Mongols Registered Trademarks were acquired and maintained by defendant during and in the course of the operation of the RICO enterprise described in the Indictment, rendering them subject to forfeiture pursuant to 18 U.S.C. § 1963(a)(1).  His admissions also establish that the Mongols Registered Trademarks afforded a source of influence over the RICO enterprise that defendant admits he established, operated, controlled, conducted and participated in the conduct of, rendering the marks subject to forfeiture pursuant to 18 U.S.C. § 1963(a)(2) as well.[3]  The

---

[2]  Criminal forfeiture is part of the defendant's sentence, so it is available only if the defendant is convicted of the underlying substantive offense.  <u>Lazarenko</u>, <u>supra</u>.  If the defendant is convicted, his interest in the property must be forfeited regardless of what that interest is, so it is not necessary to determine the extent of the interest.  The only issues left to be determined concerning ownership are those of non-defendant third parties, whose interests are determined in the ancillary process.  Only after that process is complete does the government obtain a Final Order of Forfeiture.

[3]  The defendant's admissions are more than sufficient to establish the forfeitability of the marks, but the Court is not required to find a factual basis for the defendant's agreement to criminal forfeiture.  <u>See United States v. Ken Int'l Co., Ltd.</u>, 113 F.3d 1243, 1997 WL 229114, at *3 (9th Cir. 1997).

nexus requirement of Rule 32.2(b) having been satisfied, the proposed Preliminary Order should be entered.

**B.    The Mechanics of the Criminal Forfeiture of the Mongols Registered Trademarks**

The Preliminary Order of Forfeiture becomes final as to the defendant at the time of sentencing (or before sentencing if, as here, defendant consents).  Rule 32.2(b)(3).  Following entry of the requested Preliminary Order, the second phase of the forfeiture proceedings may begin, to determine whether any third party rights may exist in the Mongols Registered Trademarks. Fed. R. Crim. P. 32.2(c)(1); 18 U.S.C. § 1963(l).

Accordingly, the government respectfully requests that the Court enter the proposed Preliminary Order of Forfeiture lodged contemporaneously herewith, authorizing the government to seize the property subject to forfeiture (to the extent it has not already done so) and to commence proceedings governing third-party rights.  Fed. R. Crim. P. 32.2(b)(3).  The government will publish notice generally and give direct notice of the Preliminary Order to the sole known potential third-party claimant, Mongols Nation Motorcycle Club, Inc.  Following such notification and completion of any necessary ancillary proceedings, the government will submit, as appropriate, a final order of forfeiture pursuant to Fed. R. Crim. P. 32.2(c).

**C.    There Is No Need To Delay the Entry of the Requested Preliminary Order of Forfeiture**

The fact that the criminal case is still ongoing is no reason to delay the forfeiture proceedings concerning the Mongols Registered Trademarks.  For the reasons explained above, the bases for forfeiture of the marks have been established.  Further

proceedings concerning the guilt of the remaining defendants will have no effect on the forfeitability of the marks.[4]  Defendant was the original registrant and owner of the marks until October 14, 2008, either as the National President of Mongols Nation (an unincorporated association), or as the owner/manager of Shotgun Productions, LLC.  See exhibits A through F to the Welk Declaration.  These facts establish that the marks were acquired and maintained by defendant as part of the RICO enterprise. Moreover, defendant's admissions establish that the marks were property or rights that afforded a source of influence over the RICO enterprise, establishing a separate basis for forfeiture.

The marks were temporarily assigned back to Mongol Nation (an unincorporated association) in October 2008, at which time Hector Gonzalez, another defendant in this case, was the National President.  See exhibits B, D and F to the Welk Decl.  However, Mongol Nation (through Gonzalez) subsequently transferred the marks in January 2009 (in direct violation of this Court's restraining order of October 22, 2008) to a newly-formed corporation called Mongols Nation Motorcycle Club, Inc. ("Mongols, Inc."), which is the current owner of the marks.  See exhibits B, F and H to the Welk Decl.  The President of Mongols, Inc., Martin Guevara, is the current National President of the / / /

---

[4]  Even in the unlikely event that some of the remaining RICO defendants are acquitted, the nexus between the marks and the RICO enterprise which has already been proven by the pleas taken to date cannot be undone, and none of the individual defendants have any ownership rights in the marks in any event.

1    Mongols (see exhibit H to Welk Decl.), and no other third party

2    appears to have standing to contest the forfeiture of the marks.[5]

3        If Gonzalez had retained control over the marks in his

4    capacity of National President of Mongol Nation (the

5    unincorporated association), it is possible that his status as a

6    defendant in this case might have interfered with his ability to

7    defend against the forfeiture of the marks in an ancillary

8    proceeding on behalf of the unincorporated association.  However,

9    since Gonzalez, as National President of Mongol Nation (an

10   unincorporated association) opted to assign those rights in their

11   entirety to a non-defendant third party, neither he nor the

12   unincorporated association he represented at the time of the

13   transfer has any ownership or other rights in the marks.  In

14   other words, according to the clear chain of title that the

15   Mongols themselves established, the only "person" with the right

16   to claim an interest in the marks in the ancillary proceeding is

17   Mongols, Inc.  The entry of the proposed Preliminary Order of

18   Forfeiture will give Mongols, Inc. the opportunity to present its

19   arguments as to why the marks should not be forfeited, something

20   / / /

21

22

23        [5]  The contemptuous act of transferring and assigning the
     registered marks to Mongols, Inc. in the face of this Court's
     order prohibiting it arguably makes the transfer/assignment
24   voidable by the Court, but the government is unlikely to request
     such a remedy since the transfer (1) deprives the unincorporated
25   association of standing to make an ancillary claim, since it
     voluntarily assigned its entire interest in the marks to Mongols,
26   Inc., and is therefore estopped from making an ownership claim in
     the ancillary proceeding; and (2) almost certainly makes it
27   impossible as a matter of law for Mongols, Inc. to prevail in an
     ancillary proceeding on an innocent owner claim.
28

8

it is statutorily prohibited from doing prior to the entry of such an order.[6]

Finally, as the Court knows very well, the government's efforts to forfeit the Mongols Registered Trademarks have been the target of two separate collateral attacks so far (one of them by Mongols, Inc.).  Moving forward with the forfeiture proceedings with respect to the marks will prevent future collateral attacks and allow the forfeiture proceedings with respect to the marks to be concluded.

**III.        FORFEITURE MUST BE PRONOUNCED AT SENTENCING**

At sentencing, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the "order of forfeiture becomes final as to the defendant and shall be made a part of the sentence and included in the judgment."

The Court must pronounce the forfeiture conditions orally as part of the sentence imposed on the defendant, and must include the forfeiture in the judgment and commitment order.  See United States v. Gaviria, 116 F.3d 1498, 1530 (D.C. Cir. 1997) (forfeiture portion of the defendant's sentence must be announced in his presence pursuant to Fed. R. Crim. P. 43(a)).  The government recommends the following language be read to the

---

[6]  See 18 U.S.C. § 1963(i):

Except as provided in subsection (l) [governing third-party ancillary claims], no party claiming an interest in property subject to forfeiture under this section may –

(1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section . . . .

1  defendant and modified as necessary for inclusion in the judgment

2  and commitment order at the time of his sentencing:

3       Pursuant to 18 U.S.C. § 1963 and Count Eighty-Five of
        the Indictment, the defendant has forfeited all of his
4       right, title, and interest in the Mongols Registered
        Trademarks, more particularly described in the
5       Preliminary Order of Forfeiture entered on [date].

6  IV.  CONCLUSION

7       For the foregoing reasons, the government respectfully

8  requests that the Court forthwith enter the proposed Preliminary

9  Order of Forfeiture lodged herewith.

10  DATED: _June 29_ , 2009

11                              THOMAS P. O'BRIEN
                                United States Attorney
12                              CHRISTINE C. EWELL
                                Assistant United States Attorney
13                              Chief, Criminal Division
                                CHRISTOPHER BRUNWIN
14                              Assistant United States Attorney
                                Deputy Chief, Violent & Organized
15                              Crime Section

16

17                              STEVEN R. WELK
                                Assistant United States Attorney
18                              Chief, Asset Forfeiture Section
                                FRANK D. KORTUM
19                              Assistant United States Attorney

20                              Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

21

22

23

24

25

26

27

28

                              10