```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    CHRISTOPHER BRUNWIN
 4  Assistant United States Attorney
    Deputy Chief, Violent & Organized Crime Section
 5  STEVEN R. WELK
    California State Bar No. 149883
 6  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 7  FRANK D. KORTUM
    California State Bar No. 110984
 8  Assistant United States Attorney
    Asset Forfeiture Section
 9       1400 United States Courthouse
         312 North Spring Street
10       Los Angeles, California 90012
         Telephone: (213) 894-6166/5710
11       Facsimile: (213) 894-7177
         E-mail: Steven.Welk@usdoj.gov
12       E-mail: Frank.Kortum@usdoj.gov

13  Attorneys for Plaintiff
    United States of America
14
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR 08-1201-1 ODW |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **PRELIMINARY ORDER OF FORFEITURE AS TO RUBEN CAVAZOS [REGISTERED MARKS]** |
| RUBEN CAVAZOS, aka "Doc", et al., | ) | |
| Defendants. | ) | |

/ / /

/ / /

/ / /

Upon consideration of the revised application of plaintiff United States of America for a preliminary order of forfeiture pursuant to Count Eighty-Five of the Indictment, defendant Ruben Cavazos's plea of guilty to Count One of the Indictment, defendant's plea agreement, defendant's change of plea hearing, and the evidence presented with the government's application, the court ORDERS as follows:

## I.   FORFEITABLE PROPERTY

For the reasons set out below, the following described property, and all rights, interests and privileges appurtenant thereto (hereinafter, the "Forfeitable Marks") is subject to forfeiture to the United States.  As alleged in Count Eighty-Five of the Indictment, the government has established the requisite nexus between the Forfeitable Marks and the offenses described in Count One of the Indictment pursuant to 18 U.S.C. § 1963(a).  All right, title, and interest of RUBEN CAVAZOS in the Forfeitable Marks is hereby forfeited to the United States.  The Forfeitable Marks are more particularly described as:

1. The mark assigned Registration No. 3076731 (serial no. 78610213), issued to Mongol Nation on or about April 4, 2006, purportedly for use in commerce in connection with promoting the interests of persons interested in the recreation of riding motorcycles.

2. The mark assigned Registration No. 2916965 (serial no. 76532713), issued to Mongol Nation on or about January 11, 2005, purportedly for use in commerce in connection with promoting the interests of persons interested in the recreation of riding motorcycles.

/ / /

/ / /

## II.   IMPLEMENTATION

IT IS FURTHER ORDERED as follows:

A.   Upon the entry of this Order, and pursuant to Fed. R. Crim. P. 32.2(b)(6) and 18 U.S.C. § 1963(c) and (g), the United States Attorney General (or a designee) is authorized to seize the Forfeitable Marks and all rights, interests and privileges appurtenant thereto.  To the extent the United States at any time identifies specific tangible property subject to forfeiture pursuant to this Order, the United States may apply for a seizure warrant to seize such property in the manner set forth in 18 U.S.C. § 1963(e), and shall move to amend this or any other then-existing order of forfeiture in this matter to include such property, pursuant to Fed. R. Crim. P. 32.2(e).

B.   Upon entry of this Order, the United States is further authorized to conduct any discovery for the purpose of identifying, locating, or disposing of property subject to forfeiture pursuant to this Order and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.  "Any discovery" shall include all methods of discovery permitted under the Federal Rules of Civil Procedure.

C.   Upon entry of this Order (and at any time in the future after amendment of the applicable order of forfeiture in this matter), the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this and any other Order affecting specific property.  The following paragraphs shall apply to any ancillary proceeding conducted in this matter:

1          (1)  Pursuant to 18 U.S.C. § 1963(l)(1), the United
2  States Marshal shall forthwith publish once in a newspaper of
3  general circulation notice of this order and any other Order
4  affecting the Forfeitable Marks, and notice that any person,
5  other than the defendant, having or claiming a legal interest in
6  the property must file a petition with the Court within thirty
7  (30) days of the publication of notice or receipt of actual
8  notice, whichever is earlier.  The United States shall also, to
9  the extent practicable, provide written notice to any person
10 known to have an alleged interest in the Forfeitable Property.
11         (2)  Any person, other than defendant CAVAZOS,
12 asserting a legal interest in the Forfeitable Marks may, within
13 thirty days of the publication of notice or receipt of notice,
14 whichever is earlier, petition the court for a hearing without a
15 jury to adjudicate the validity of his alleged interest in the
16 property, and for an amendment of the order of forfeiture,
17 pursuant to 18 U.S.C. § 1963(l)(2).
18         (3)  Any petition filed by a third party asserting an
19 interest in the Forfeitable Marks shall be signed by the
20 petitioner under penalty of perjury and shall set forth the
21 nature and extent of the petitioner's right, title, or interest
22 in such property, the time and circumstances of the petitioner's
23 acquisition of the right, title or interest in the property, any
24 additional facts supporting the petitioner's claim, and the
25 relief sought.  18 U.S.C. § 1963(l()(3).
26         (4)  The United States shall have clear title to the
27 Forfeitable Marks following the Court's disposition of all third-
28 party interests or, if no petitions are filed, following the

4

1 | expiration of the period provided in 18 U.S.C. § 1963(l)(2) for
2 | the filing of third party petitions.
3 |     D.   Pursuant to Fed. R. Crim. P. 32.2(b)(3) and defendant
4 | CAVAZOS's consent, this Preliminary Order of Forfeiture shall
5 | become final as to defendant RUBEN CAVAZOS upon entry and shall
6 | be made part of his sentence and included in his judgment.
7 |     E.   The Court shall retain jurisdiction to enforce this
8 | Order, and to amend it as necessary, pursuant to Fed. R. Crim. P.
9 | 32.2(e).
10 | DATED: June 15, 2010            _____
11 |                                 UNITED STATES DISTRICT JUDGE
12 |
13 | PRESENTED BY:
14 | ANDRÉ BIROTTE JR.
   | United States Attorney
15 |
16 |    /s/ Steven R. Welk
   | STEVEN R. WELK
17 | Assistant United States Attorney
   | Chief, Asset Forfeiture Section
18 |
   | Attorneys for Plaintiff
19 | United States of America

5